# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITTON BRYANT, individually and on behalf of all others similarly situated,** *Plaintiff,* <br><br> v. <br><br> **BRUCE PACKING COMPANY INC.,** *Defendant.* | **CIVIL ACTION** <br> **NO. 24-05636** |

**Baylson, J.**                                                                                                                    **February 12, 2025**

## MEMORANDUM RE: MOTION TO DISMISS

Plaintiff Britton Bryant purchased a salad in South Carolina that contained ready-to-eat chicken produced by Defendant Bruce Packing Company Inc. ("BrucePac") at a facility in Oklahoma. Bryant took ill and BrucePac's ready-to-eat chicken was later recalled due to the presence of *Listeria monocytogenes* ("Listeria"). Bryant initiated a class action in the Eastern District of Pennsylvania against BrucePac, who moved to dismiss the Complaint and/or transfer venue. For the reasons stated below, this Court lacks personal jurisdiction over BrucePac and transfers this case to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1631.

## I.    FACTUAL ALLEGATIONS[1]

BrucePac is a corporation organized and with a principal place of business in Oregon. Compl. ¶ 9, ECF 1. BrucePac manufactures ready-to-eat products that are incorporated into other food items sold nationwide. Id. ¶ 16. On October 9, 2024, the Department of Agriculture announced that it discovered Listeria in products containing BrucePac's ready-to-eat chicken, and

---

[1] The Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020).

that BrucePac's ready-to-eat chicken was contaminated by Listeria. Id. ¶ 17. BrucePac recalled 11 million pounds of chicken prepared between May 31 and October 8, 2024. Id. ¶¶ 1, 16–18.

Prior to the recall, Bryant purchased a chicken Caesar salad at a Walmart in South Carolina. Id. ¶¶ 8, 14. After consuming the salad in or around August 26, 2024, Bryant had gastrointestinal distress. Id. The salad that Bryant consumed was later recalled. Id. ¶ 18.

## II. PROCEDURAL HISTORY AND JURISDICTIONAL BASIS

Bryant filed this Complaint on October 23, 2024, individually and on behalf of all others similarly situated. Compl., ECF 1. Bryant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C.§1332(d). Id. ¶ 10. Bryant asserts that this Court has general and specific personal jurisdiction over BrucePac. Id. ¶ 11. On December 20, 2024, BrucePac filed a Motion to Dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6), or in the alternative transfer the case to the District of Oklahoma or the District of Oregon. Mot. to Dismiss, ECF 13.

## III. PARTIES' CONTENTIONS

### A. BrucePac's Motion to Dismiss and Reply Brief

BrucePac seeks dismissal under Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6).

First, BrucePac argues that this Court lacks personal jurisdiction. Mot. to Dismiss, ECF 13 at 3–6. BrucePac contends there is no general jurisdiction because BrucePac is incorporated and has its principal place of business in Oregon. Id. at 4. BrucePac also denies specific jurisdiction, asserting that Bryant's allegations of purposeful availment are unsupported legal conclusions and that Bryant fails to meet his burden of establishing jurisdiction. Reply Br., ECF 18 at 3. Additionally, BrucePac asserts that any alleged Pennsylvania contacts are unrelated to Bryant's claims. Mot. to Dismiss, ECF 13 at 6. BrucePac submitted a Declaration stating it has no offices, facilities, or employees in Pennsylvania and does not manufacture or market products there. Id. at 5–6; Reply Br., ECF 18 at 4.

2

Second, BrucePac argues the case must be dismissed for improper venue or transferred because no underlying events occurred in this District. Mot. to Dismiss, ECF 13 at 6–9.

Third, BrucePac argues that Bryant lacks standing because his alleged injury is speculative. Id. at 10–14. BrucePac argues that the Complaint does not allege medical expenses related to Bryant's symptoms or any facts showing the product purchased was contaminated, and that Bryant's harm cannot be traced to BrucePac's conduct. Id. at 11–13.

Fourth, BrucePac argues that Bryant fails to sufficiently plead any of his causes of action and requests dismissal on these grounds. Id. at 10, 14–19.

### B. Bryant's Opposition

Bryant opposes BrucePac's Motion to Dismiss on several grounds.

First, Bryant argues that this Court has general and specific personal jurisdiction over BrucePac. Opp. at 3–4, ECF 16. Bryant argues that BrucePac purposefully directed its activities at Pennsylvania by selling, distributing, and marketing products in the state. Further, Bryant contends that the litigation arises from this in-state activity because the product he consumed was also sold in Pennsylvania. Id. at 4–5.

Second, Bryant argues that the Eastern District of Pennsylvania is a proper venue because BrucePac conducts business in the district. Id. at 6. Bryant contends that his choice of forum is entitled to deference and BrucePac has not demonstrated a compelling need to transfer. Id. at 7.

Third, Bryant argues that he has standing, citing specific, tangible injuries—diarrhea and other gastrointestinal issues—that are traceable to BrucePac's product. Id. at 8–9.

Fourth, Bryant maintains that he states claims for each cause of action. Id. at 10–17.

IV.     **DISCUSSION**

    A. <u>**This Court Lacks Personal Jurisdiction Over BrucePac**</u>

        i.  **Legal Standard**

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to establish the Court's jurisdiction over the defendant through "affidavits or other competent evidence." <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 330 (3d Cir. 2009) (quoting <u>Dayhoff Inc. v. H.J. Heinz Co.</u>, 86 F.3d 1287, 1302 (3d Cir. 1996)). When the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 97 (3d Cir. 2004).

A district court can exercise personal jurisdiction over a non-resident to the extent permitted by the law of the state in which it sits. <u>Time Share Vacation Club v. Atl. Resorts, Ltd.</u>, 735 F.2d 61, 63 (3d Cir. 1984) (citing Fed. R. Civ. P. 4(e)). Pennsylvania's long arm statute authorizes courts to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States . . . based on the most minimum contact" permitted by the Constitution. 42 PA. CONS. STAT. § 5322(b); <u>see</u> <u>Danziger & De Llano, LLP v. Morgan Verkamp LLC</u>, 948 F.3d 124, 129 (3d Cir. 2020); <u>Miranda v. C.H. Robinson Co.</u>, 2019 WL 6038539, at *3 (E.D. Pa. Nov. 13, 2019) (Baylson, J.). For the exercise of personal jurisdiction over a defendant to comport with the Fourteenth Amendment, that defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (citation omitted). The "minimum contacts" may be general or specific. <u>See</u> <u>Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.</u>, 582 U.S. 255, 262 (2017).

General jurisdiction is based on the defendant's "continuous and systematic" contacts with the forum. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). To establish general jurisdiction, these contacts must be so continuous and systematic such that the defendant is "essentially at home" in Pennsylvania. Daimler AG v. Bauman, 571 U.S. 117, 138–39 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

Specific jurisdiction exists where the "cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Remick, 238 F.3d at 255 (quoting Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996)). To establish specific personal jurisdiction, the plaintiff must demonstrate three elements. First, the defendant must have minimum contacts with the forum such that they could "reasonably anticipate being haled into court" there. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Second, the claims must arise out of or relate to defendant's contacts with the forum. Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 (3d Cir. 1998). Third, the exercise of jurisdiction must comport with "fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe, 326 U.S. at 316).

### ii. Analysis

#### 1. *General Jurisdiction*

This Court lacks general jurisdiction over BrucePac. A corporate defendant's paradigmatic forums are its "place of incorporation and principal place of business." Daimler, 571 U.S. at 137. BrucePac is incorporated and has a principal place of business in Oregon. Compl. ¶ 9, ECF 1. Nor does Bryant allege this is an "exceptional case" in which BrucePac's Pennsylvania contacts are "so substantial and of such a nature as to render the corporation at home" in Pennsylvania. Daimler, 571 U.S. at 139 n.19; see also Remick, 238 F.3d at 255. Although Bryant

5

claims BrucePac has continuous and systematic contacts with Pennsylvania through sales, distribution, and marketing, Opp. at 4, ECF 16, BrucePac's Declaration states otherwise. Metcalfe, 566 F.3d at 330. BrucePac does not manufacture or distribute products in Pennsylvania, has no physical presence, property, assets, business registration or license, bank accounts, registered agent, or employees in the state, and does not market or advertise there. Decl. ¶¶ 9–14, 16, ECF 13-2. Even assuming sales in Pennsylvania occurred, "the sale of [] products in a particular state does not, in and of itself, establish general jurisdiction over the company in that state." Manley v. Premium Spray Prods., Inc., 2015 WL 1475310, at *3 (E.D. Pa. Mar. 31, 2015) (Surrick, J.); Farber v. Tennant Truck Lines, Inc., 84 F. Supp. 3d. 421, 433 (E.D. Pa. 2015) (Beetlestone, J.) ("Mere deliveries in Pennsylvania, even occurring at regular intervals, are insufficient to justify Pennsylvania's assertion of general jurisdiction . . . in causes of action unrelated to those deliveries"). BrucePac's Pennsylvania contacts are insufficient for general jurisdiction.

### 2. *Specific Jurisdiction*

This Court also lacks specific jurisdiction over BrucePac. Even assuming, in Bryant's favor, that BrucePac's alleged sales in Pennsylvania constitute sufficient minimum contacts, Smith, 384 F.3d at 97, specific jurisdiction requires a connection between those contacts and Bryant's claims. Pennzoil Prods. Co., 149 F.3d at 201. BrucePac's only contacts with Pennsylvania are the sale of its products there.[2]

However, Bryant's causes of action have no connection to BrucePac's contacts with the forum. Bryant contends that BrucePac's Pennsylvania sales are relevant because the chicken in

---

[2] Bryant argues that BrucePac has minimum contacts with Pennsylvania through sales, distribution, and marketing. Opp. at 4, ECF 16. But BrucePac's Declaration states that it does not market or distribute ready-to-eat finished products in Pennsylvania, and Bryant does not rebut this. Decl. ¶ 8, ECF 13-2.

his salad was also sold in Pennsylvania. This connection is too attenuated. The product central to Bryant's claims—a salad allegedly containing contaminated chicken—was purchased in South Carolina by a South Carolina resident. Compl. ¶¶ 8, 14, ECF 1. Bryant's claims do not arise out of or relate to BrucePac's Pennsylvania contacts, even if its chicken was sold in Pennsylvania. This step of the inquiry is dispositive: Bryant has not shown that his claims are sufficiently tied to BrucePac's contacts with Pennsylvania. This Court lacks specific jurisdiction over Bryant.

### B. Venue is Transferred Pursuant to 28 U.S.C. § 1631

A district court that lacks personal jurisdiction "'shall' transfer the case rather than dismiss it 'if [doing so] is in the interest of justice.'" Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) (quoting 28 U.S.C. § 1631); see Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 & n. 9 (3d Cir. 2002) (noting that § 1631 permits transfer for lack of personal jurisdiction). Specifically, "the court must make some findings under § 1631, at least when the parties identify other courts that might be able to hear their case[,]" as BrucePac has. Danzinger & De Llano, LLP, 948 F.3d at 132. The moving party has the burden to show that "the potential transferee district court could exercise personal jurisdiction over the defendants." Wallace v. Int'l Lifestyles, Inc., 2008 WL 623811 *4 (E.D. Pa. Mar. 6, 2008) (Baylson, J.) (citing Selas Fluid Processing Corp. v. Spilman, 2006 WL 890818 *5 (E.D. Pa. Apr. 3, 2006) (O'Neill, J.)). This Court must determine whether the case could have been brought in another District, and whether a transfer is in the interest of justice. Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004) (DuBois, J.).

First, as to personal jurisdiction, it is undisputed that BrucePac is incorporated and has a principal place of business in Oregon. Compl. ¶ 9, ECF 1. It is undisputed that the chicken in the recalled products were manufactured in BrucePac's Durant, Oklahoma facility. Decl. ¶ 7, ECF 13-2. These jurisdictional facts amount to prima facie showings that Oregon could exercise general

jurisdiction over BrucePac and Oklahoma could exercise specific jurisdiction over BrucePac. See D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009).

Second, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, venue would be proper in Oregon or Oklahoma. Thus, this case could have been brought against BrucePac in either Oregon or Oklahoma.

While both the Districts of Oregon and Oklahoma have appropriate jurisdiction and venue, Oklahoma has a stronger connection to the claims based on the prima facie showing of specific jurisdiction because the events giving rise to the claims occurred there, suggesting a direct relationship to the case. Sidari v. Caesar's Pocono Resorts, 29 F. App'x 845, 847 (3d Cir. 2002) ("Transfer decisions fall to the discretion of the District Court . . . .") (non-precedential). Because Oklahoma has a direct nexus to this case, this case shall be transferred to the United States District Court for the Eastern District of Oklahoma.

## V. CONCLUSION

For the reasons stated above, BrucePac's Motion is **GRANTED** and this case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Oklahoma. An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-5636 Bryant v Bruce Packing Co\24-5636 Memorandum on Motion to Dismiss.docx